*United States v. Brooks*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges*,
> CHRISTINA REISS,
> *Judge*.[*]

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                No. 23-8041

KHARISMA BROOKS,

_____

[*] Chief Judge Christina C. Reiss, of the United States District Court for the District of Vermont, sitting by designation.

*Defendant-Appellant,*

DARNELL MACON, SR.,

*Defendant.*

_____

| | |
|---|---|
| **For Defendant-Appellant:** | GAUTAM RAO, (James I. Glasser, *on the brief*), Wiggin and Dana LLP, New Haven, CT. |
| **For Appellee:** | ANDREW R. DURHAM, (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffery A. Meyer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 13, 2023 judgment of the district court is **AFFIRMED**.

Kharisma Brooks appeals from a judgment of conviction following a jury trial at which she was found guilty of aiding and abetting the unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2. On appeal, Brooks challenges the district court's denial of her motion to suppress evidence seized during a warrantless search of her apartment. We

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

After receiving a tip that Brooks had purchased firearms on behalf of Darnell Macon, Sr., whose prior felony convictions prohibited him from possessing a firearm, agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF") and local police arrived at Brooks's apartment complex, where Macon also lived, to interview her about the purchases. Although the officers did not have a warrant, they entered Brooks's apartment after she invited them inside. They eventually seized two firearms from the master bedroom closet. Brooks was later charged with one count of making false statements during the purchase of a firearm, and one count of aiding and abetting Macon's unlawful possession of a firearm.

Before trial, Brooks and Macon jointly moved to suppress the firearms seized from the apartment. The district court held a two-day suppression hearing, at which it heard testimony from the two ATF agents who conducted the search and one of the police officers who was present at the scene. The district court also considered the affidavits submitted by Brooks and Macon, which

contradicted the officers' testimony. The district court ultimately credited the officers' version of events and denied the motion.

At the conclusion of her trial, the jury found Brooks guilty of aiding and abetting Macon's unlawful possession of a firearm but returned a not guilty verdict on the charge of making false statements in connection with the purchase of a firearm. The district court ultimately sentenced Brooks to twelve months and one day of imprisonment, to be followed by a three-year term of supervised release.

On appeal, Brooks challenges the district court's denial of her motion to suppress the firearms recovered from her apartment. In reviewing a district court's denial of a motion to suppress evidence, "we review a district court's conclusions of law *de novo* and its conclusions of fact for clear error." *United States v. McKenzie*, 13 F.4th 223, 231 (2d Cir. 2021). Whether law enforcement officers obtained voluntary consent to conduct a search "is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973). As part of this inquiry, "we view the evidence in the light most favorable to the government, and we give special deference to findings that are based on determinations of witness credibility." *United States v. Delva*, 858

4

F.3d 135, 148 (2d Cir. 2017) (alteration accepted and citation and internal quotation marks omitted). On the record developed at the hearing, we see no basis to disturb the district court's conclusion that the officers obtained voluntary consent before conducting the search of Brooks's apartment.

At the suppression hearing, the ATF agents each testified that after they approached Brooks's apartment, one of the agents asked her outside if she "[w]ould show [him] where the firearms are." Sp. App'x at 2. According to the officers, Brooks replied "[s]ure," in a "very certain manner," before walking back into her apartment, aware that the agents had followed her inside. *Id.* Unable to locate the firearms, Brooks returned to the front door and called out to Macon, who had been outside in conversation with the two police officers, and asked him: "[W]here are those guns? Can you find those guns?" *Id.* at 3. Macon then entered the apartment, aware that the agents had followed him upstairs as he retrieved two firearms from the bedroom. At no point did Brooks or Macon object to the agents' presence in the apartment or ask them to leave.

The district court was justified in relying on these affirmative statements and actions to conclude that the agents reasonably believed they had consent to enter the apartment. It is well settled that a suspect's consent to a search does not

require any magic words. *See United States v. Buettner-Janusch*, 646 F.2d 759, 764 (2d Cir. 1981) ("[A] search may be lawful even if the person giving consent does not recite the talismanic phrase: 'You have my permission to search.'"). In addition, "consent may be inferred from an individual's words, gestures, or conduct." *Id.* Here, Brooks's affirmative "sure" and calling out to Macon for assistance, followed by Macon's return to the apartment and retrieval of the firearms, implied that Brooks and Macon consented to the search of the apartment. *See United States v. Deutsch*, 987 F.2d 878, 883 (2d Cir. 1993) ("[W]hen [the defendant] advised the officers that his identification was inside the house and entered for the purpose of showing them his identification, he unmistakably invited the officers inside." (internal quotation marks omitted)).

Nothing in the record compels a finding that law enforcement officers coerced Brooks and Macon into giving consent for the search. *See United States v. Garcia*, 56 F.3d 418, 422 (2d Cir. 1995) ("So long as the police do not coerce consent, a search conducted on the basis of consent is not an unreasonable search."). At no point during the agents' entries into the apartment were either Brooks or Macon threatened or restrained. In fact, Macon was allowed to run an errand during the search with no resistance, and Brooks and Macon's son engaged in friendly

6

conversations with the agents throughout the encounter.   The mere fact that four officers were present at the scene does not, alone, support a finding "that the circumstances were inherently coercive."   *United States v. Sanchez*, 635 F.2d 47, 60 (2d Cir. 1980); *see also United States v. Kon Yu-Leung*, 910 F.2d 33, 41 (2d Cir. 1990) (finding consent despite presence of six law-enforcement officers).

Similarly, the fact that the officers did not expressly inform Brooks of her right to object to the search does not – without more – compel a finding that the officers lacked consent.   Though "knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the *sine qua non* of an effective consent."   *Schneckloth*, 412 U.S. at 227.   We have long recognized that "Fourth Amendment standards do not make it mandatory to advise a suspect of [her] right to refuse consent to search."   *United States v. O'Brien*, 926 F.3d 57, 77 (2d Cir. 2019).   Given that voluntariness is to be determined by the totality of all the circumstances, we cannot say that the district

court clearly erred in finding that Brooks voluntarily consented to the search of her apartment.[1]

* * *

We have considered Brooks's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] For the first time in her reply brief, Brooks argues that the ATF agents' credibility, which the district court relied on in making its suppression ruling, had been undermined by their failure to produce certain discovery until close to the start of trial.   But "arguments not made in an appellant's opening brief are [forfeited]."   *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).   And while we have discretion to consider such arguments "if manifest injustice would otherwise result," we see none in this case.   *Id.*   Brooks does not articulate how the officers' delayed disclosures undermined the credibility of their testimony, given months earlier.   And at no time did Brooks or Macon ask the district court to reconsider its suppression decision on the basis of that supposedly late disclosure.